IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GEORGE C. NNONA, on behalf of
himself and others,

      Plaintiff,

         v.

DIRECT MERCHANTS CREDIT
CARD BANK, N.A., and METRIS
COMPANIES, INC.

      Defendants.

Civil Action No. _____

RECEIPT # _____
AMOUNT $ _____ 150 _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____ 12-27-04

## NOTICE OF REMOVAL

Defendants Direct Merchants Credit Card Bank, N.A. ("DMCCB") and Metris

Companies, Inc. ("Metris"), by their attorneys, hereby remove the above-captioned action, Civil

Action No. 04-285, currently pending in the Superior Court of Middlesex County,

Massachusetts, to the United States District Court for the District of Massachusetts. Removal is

based on 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental

jurisdiction), and authorized by 28 U.S.C. §§ 1441 and 1446. As grounds for removal, DMCCB

and Metris state as follows:

### BACKGROUND

1.      Plaintiff George C. Nnona ("Plaintiff" or "Nnona") commenced this action on or

about January 23, 2004, by filing a complaint ("Complaint") with the Clerk of the Superior Court

of Middlesex County, Massachusetts (the "State Court Action"). The State Court Action was

assigned Civil Action Number 04-285.

2.      Removal to this Court is proper.  Pursuant to 28 U.S.C. §§ 1446(a) and 1441(a),

DMCCB and Metris are filing this Notice of Removal in the United States District Court for the

District of Massachusetts, which is the federal district court embracing the state court where the

State Court Action was filed.

3.      Removal is timely.  The Complaint was first received by service of the Summons

and Complaint upon Metris on January 29, 2004, and upon DMCCB on February 1, 2004.

Receipt of the respective Summons and Complaint by DMCCB and Metris was, for each, the

first notice of the State Court Action or of federal jurisdiction over the State Court Action.

DMCCB and Metris have filed this Notice within 30 days after their receipt of the State Court

Action Complaint.  *See* 28 U.S.C. § 1446(b).

4.      DMCCB and Metris are the only identified defendants in this action.  Therefore,

all parties joined and served as defendants in the State Court Action have joined in and consented

to this Notice of Removal.  *See* 28 U.S.C. § 1441.

5.      Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act

of 1988, no bond is required in connection with this Notice of Removal.  Pursuant to Section

1016 of the Act, this Notice need not be verified.

6.      All other procedural requirements have been met.

(a)      Appended hereto as Exhibit A are available copies of all process,

pleadings and orders served upon DMCCB and Metris in the State Court Action,

including the Complaint, Summons and Order of Notice, and Tracking Order.  *See* 28

U.S.C. § 1446(a).

(b)      Appended hereto as Exhibit B is a copy of the Notice of Removal to All

Adverse Parties, which will be promptly served upon Plaintiff's counsel and filed with

2

the Clerk of the Superior Court of Middlesex County, Massachusetts. *See* 28 U.S.C. § 1446(d).

(c)    Appended hereto as Exhibit C is a copy of the Notice of Filing of Notice of Removal, which will be filed with the Clerk of the Superior Court of Middlesex County, Massachusetts. *See* 28 U.S.C. § 1446(d).

## STATUTORY REQUIREMENTS

7.    The Court has jurisdiction over Plaintiff's putative class action because it arises under the laws of the United States. *See* 28 U.S.C. § 1331.

8.    This case arises from credit and credit card agreements entered into between Plaintiff and DMCCB. The Complaint alleges that DMCCB is a wholly-owned subsidiary of Metris (*Complaint* at ¶ 7) that is "controlled and directed by Metris" (*Complaint* at ¶ 1).

9.    Plaintiff's Complaint further alleges that DMCCB and Metris, among other things, (a) allegedly assessed improper late fees, over limit fees, and other charges to the credit card accounts of Plaintiff and putative class members (*Complaint* at ¶¶ 24-26), and (b) allegedly failed to provide proper notice before altering the terms of its credit card agreements with Plaintiff (*Complaint* at ¶¶ 39-52). Plaintiff specifically alleges that DMCCB and Metris violated the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), and seeks a recovery of damages under TILA. *Complaint* at Counts VI-VII. Plaintiff also seeks recovery under certain state statutes and the common law. *See Complaint* at Counts I-V and VIII-XI.

10.    This Court is granted original jurisdiction in all cases arising under the laws of the United States. 28 U.S.C. § 1331. Plaintiff's Complaint arises under the laws of the United States because TILA is a law of the United States, and Counts VI through VII of the Complaint arise under TILA. *See* 15 U.S.C. § 1640 (providing for a private right of action under TILA).

11.    This Court also has supplemental jurisdiction over Plaintiff's state law claims because they are so related to the federal claims that they form part of the same cause or controversy. 28 U.S.C. § 1367. Plaintiff's claims do not raise novel or complex issues of state law, and Plaintiff's claims that do not have a federal statutory basis do not substantially predominate over Plaintiff's federal claims. *See* 28 U.S.C. § 1367(c).

12.    Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

WHEREFORE, this action should proceed in the United States District Court for the District of Massachusetts, as an action properly removed thereto.

Respectfully submitted,

DIRECT MERCHANTS CREDIT CARD BANK, N.A., and METRIS COMPANIES, INC.

By their attorneys,

Thomas M. Hefferon (BBO# 548289)
GOODWIN PROCTER LLP
1717 Pennsylvania Ave., NW
Suite 500
Washington, DC 20006
(202) 974-1000

Brooks R. Brown (BBO# 634144)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000

Dated: February 27, 2004

4

## CERTIFICATE OF SERVICE

I, Brooks R. Brown, hereby certify that on February 27, 2004, I served a copy of the foregoing Notice of Removal upon counsel of record, via United States mail, postage prepaid, to the following:

> Evans J. Carter, P.C.
> HARGRAVES, KARB, WILCOX
>   & GALVANI, LLP
> 550 Cochituate Road
> P.O. Box 966
> Framingham, MA  01701-0966
> (508) 620-0140

Brooks R. Brown

LIBW/1100072.1